STATE OF IOWA, appellee, v. KENNETH DEAN MCKAY, appellant.

No. 51375.

(Reported in 129 N.W.2d 741)

JULY 16, 1964.

Life, Davis & Life, of Oskaloosa, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and J. Leo Martin, Keokuk County Attorney, for appellee.

STUART, J.—Defendant has appealed from a conviction on the charge of operating a motor vehicle while intoxicated, second offense. Two errors are assigned.

I. Defendant's first assigned error is the refusal of the trial court to give his requested instruction stating in substance that "it is not illegal to consume alcoholic beverages in the State

of Iowa and that it is not unlawful in the State of Iowa to consume alcoholic beverages and then drive an automobile upon the public highway".

▆ The instructions given must be taken and construed as a whole and if the point raised in the requested instruction is substantially given or covered by those given it may properly be refused even if it contains a proper statement of the law. State v. Anderson, 239 Iowa 1118, 1137, 33 N.W.2d 1.

The court gave the following instructions:

"No. 4. The burden is upon the State to show by the evidence beyond a reasonable doubt that the defendant did on or about the date charged in the Information and within Keokuk County, Iowa, operate a motor vehicle and that he was at the time of the operation thereof in an intoxicated condition and that the said motor vehicle was so operated upon the public highway of this state.

"If you find from the evidence beyond a reasonable doubt that the defendant did on or about the 4th day of May, 1963, operate a motor vehicle upon the highways of this state within Keokuk County, Iowa, and that he was at the time of such operation of such motor vehicle in an intoxicated condition, then the defendant is guilty of the crime of operating a motor vehicle while intoxicated as charged in the Information, and you should return as your verdict one of the forms of verdict so finding.

"If, however, you fail to so find as to any of said matters, then you should find the defendant not guilty and so return your verdict."

"No. 9. A person is in an intoxicated condition within the meaning of the statute and these instructions when, by reason of the use of intoxicating liquors, including beer, his faculties have been overcome or affected, and he is unable to exercise proper control over his actions, or his judgment is impaired. It does not necessarily mean that he must be in a stupor or unable at all to control his actions, but if by reason of the use of alcoholic liquors, including beer, he has lost control in any manner or to any extent of his reason or faculties, or the control or motion of his person or body, then he is in an intoxicated condition within the meaning of the law and these instructions.

"It is for you to determine from the evidence introduced upon the trial of this case and from the acts and conduct of the defendant at the time in question, and from all of the facts and circumstances disclosed by the evidence whether or not the defendant was in an intoxicated condition at the time charged in the Information."

Defendant argues "it has become a common practice in the State of Iowa and many other states to assume that if a person has taken one drink and then drives, he has committed a criminal act." Reference is made to the safety slogan, "If you drive don't drink and if you drink don't drive." He bases his right to the requested instruction upon the proposition that he is entitled to have his theory of the case explained to the jury. As a general proposition he is correct, however, we believe the instructions given adequately covered his theory of the case. The facts are not similar to State v. Wilson, 234 Iowa 60, 11 N.W.2d 737, in which the court refused to instruct on the possible effect of intoxication upon a person's capacity to form the specific intent to commit murder or to State v. Brooks, 192 Iowa 1107, 186 N.W. 46, in which the court's instruction on self-defense made no reference to threats of the deceased against the accused. Here defendant is not complaining about failure to instruct upon a theory of defense claimed, but upon a possible misapprehension of the law by the jury, which is not supported by anything which appears in the record.

The instructions given tell the jury what the State must prove and define an intoxicated person. There is nothing in any of the court's instructions which would lead the members of the jury to believe they could convict defendant only upon proof that he drove after drinking. Such interpretation is not within the definition of an intoxicated person. The requested instruction is in the nature of a cautionary instruction and the giving or refusal to give such instruction is within the sound discretion of the trial court. It should not be given unless something has arisen during the trial which would indicate the need for such instruction. State v. Shephard, 255 Iowa 1218, 1231, 124 N.W.2d 712, 719, 720. No necessity was shown here. The court cannot "be expected to give express or special warning against every

possible mistake or misapprehension into which the jury may fall in the discharge of its functions. Something must be left to the intelligent apprehension and application by the jurors themselves of the general rules stated in the court's instructions." Kelly v. Chicago, R. I. & P. Ry. Co., 138 Iowa 273, 277, 278, 114 N.W. 536, 538, 128 Am. St. Rep. 195.

The trial court was within its discretion in refusing to give the requested instruction.

II. To prove defendant was one and the same person who had been convicted previously of operating a motor vehicle while intoxicated, the State offered the testimony of the former county attorney from Mahaska County. He identified State's Exhibit 8 as a certified copy of the "Record Entry of Judgment" in Mahaska County against Kenneth Dean McKay for operating a motor vehicle while intoxicated. The admissibility of this exhibit is not challenged on appeal. He also stated that said Kenneth Dean McKay was present in the courtroom "at this time" and identified him as "the man sitting at the counsel table with the yellow shirt on" and stated he is one and the same person as the defendant named in State's Exhibit 8. No objection was made and no cross-examination was conducted relative to such testimony.

Defendant called as a witness the court reporter who was present in the courtroom when the Mahaska County plea was entered. He testified the defendant in that case was not present at the time his plea of guilty was entered as shown by Exhibit 8. Defendant did not deny that he was one and the same person named as defendant in the Mahaska County proceedings or deny he was acquainted with the identifying witness.

Defendant moved for a directed verdict on the charge of second offense OMVI on the ground the State had failed to properly identify defendant, which the trial court overruled. Defendant, after conviction, filed a motion for new trial in which he complained of the evidence identifying this defendant as the defendant in Exhibit 8 stating:

"That the evidence of the State tended to indicate that the identifying witness was acquainted with the defendant. That in fact the identifying witness had never observed this defendant

at any time previous to this date either on October 7, 1961, or before at any time.

"That any identification of the defendant by the State's witness was purely conjecture, speculation and hearsay.

"That by reason of said misleading testimony the defendant was identified as being one and the same person who pled guilty on October 7, 1961, in the District Court of the State of Iowa in and for Mahaska County, to the charge of first offense OMVI.

"That by reason of said testimony said defendant has not received a fair and impartial trial."

Affidavits of defendant, his father and the attorney for the Kenneth Dean McKay who was defendant in Exhibit 8 were attached to the motion for new trial. Defendant and his father swore he was in another part of the United States when the plea in Exhibit 8 was entered. Defendant also stated he had never met the county attorney who identified him. The attorney merely confirmed that defendant in Exhibit 8 was not present when the plea was entered. The motion for new trial was overruled. The second assigned error is the ruling on the motion for directed verdict and motion for new trial.

In considering the sufficiency of the evidence of the prior conviction we view such evidence in the light most favorable to the State. The verdict is binding upon us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Post, 251 Iowa 345, 347, 99 N.W.2d 314. The county attorney's evidence was sufficient to make a jury question. It stands undisputed and undenied in the record. Even if we were to consider the statements contained in the affidavits there is still no conflict. At no time did the State's witness testify that defendant was present at the time the plea in the prior conviction was entered. He merely identifies the present defendant as one and the same person as defendant in the prior conviction. Defendant states in the affidavit that he never met the identifying witness, and even this fact would not necessarily exclude the possibility of the county attorney knowing who defendant was and his identity.

If the county attorney was mistaken in his identification, this was a matter of cross-examination or the introduction

of evidence, not a matter of affidavit in a motion for new trial. There is no claim that this was newly discovered evidence. Counsel for defendant concedes he did not use his client or his father as witnesses to prove he did not know the county attorney because it would subject them to cross-examination as to his identity.

As the record stands the State made a prima facie case of identity for the purpose of proving a prior conviction which stands undenied. There were no grounds in the motion for new trial which could have been sustained.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.