STATE OF IOWA, appellee, v. JOHN C. SATTERFIELD, appellant.

No. 51514.

(Reported in 136 N.W.2d 257)

JUNE 30, 1965.

Wm. H. Napier, of Fort Madison, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Robert B. Dickey, Lee County Attorney, for appellee.

THOMPSON, J.—The net effect of the defendant's contentions in the case at bar, if they were sustained, would be to amend the statute of limitations applying to criminal offenses and greatly shorten the period provided therein in which prosecutions may be brought. We are unable to agree that this result should be reached.

The defendant was sentenced on October 30, 1961, to confinement in the state penitentiary at Fort Madison to serve an indeterminate sentence upon conviction of the crime of forgery. He was paroled about May 20, 1963, to a parole officer, and by the terms of his parole was restricted to Polk County, Iowa. He violated this parole, was found in Princeton, Missouri, was taken into custody there, and on October 21, 1963, was returned to the Iowa penitentiary and there incarcerated. On March 20, 1964, a county attorney's information was filed against him charging him with violation of sections 745.1 and 745.3 of the Code of Iowa of 1962, in that he escaped by leaving the territory to which he was confined by terms of his parole. Section 745.1 is the general escape statute; section 745.3 is quoted:

"If any person having been paroled from the state penitentiary or state reformatory as provided by law, shall thereafter depart without the written consent of the board of parole from the territory within which by the terms of said parole he is restricted, he shall be deemed to have escaped from the custody within the meaning of section 745.1 and shall be punished as therein provided."

Another Code section is also important here. Section 247.9, Code of 1962, so far as material, is set out:

"All paroled prisoners shall remain, while on parole, in the legal custody of the warden or superintendent and under the control of said board, and shall be subject, at anytime, to be

taken into custody and returned to the institution from which they were paroled."

The case as made by these statutes seems entirely free from doubt. The defendant was paroled; he violated the terms of his parole, thereby being guilty of escape as defined by section 745.3, supra. His technical custody under section 247.9, while on parole, remained with the warden of the penitentiary; and he was subject at anytime to being taken into actual custody and returned to the institution from which he had been paroled. This was what happened to him. At all material times after he was returned to the penitentiary he was serving the sentence from which he had been paroled. This sentence had never been entirely served; it was suspended while he was on parole, and when he violated the terms of his parole agreement, he was returned to complete the sentence, or until he was again paroled.

But the defendant's contention is that if he was going to be charged with violation of sections 745.1 and 745.3 there was a duty upon the State to do it at once. His argument centers around section 795.1 of the same Code, as amended by chapter 332 of the Acts of the Sixtieth General Assembly. This is also quoted:

"When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at which he is held to answer or within thirty days, whichever first occurs, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this Act as to dismissal."

 It is evident that this section applies only to one who has been charged but not yet indicted. Together with the following section, 795.2, it represents the statutory implementation of the speedy trial provisions of the Federal and State Constitutions. State v. Gebhart, 257 Iowa 843, 847, 134 N.W.2d 906, 908, and citations. They represent protection for one who is charged by a preliminary information, that he must be indicted

promptly; and for one who is indicted, that he be given a speedy trial.

But there was no charge of escape against the defendant here until the county attorney's information was filed on March 20, 1964, and there is no complaint that he was not promptly tried thereafter. Prior to that time he was in the penitentiary as a parole violator returned to serve out the remainder of his original sentence. Section 795.1 had no application to his situation. He was not then held to answer the charge of escape upon which he was later tried and convicted, nor upon any charge. He had already answered the original charge of forgery; his answer had been found unsatisfactory and he had been sentenced and was serving his sentence.

The defendant urges that there was something fundamentally unfair, something which in some way deprived him of due process, in that the State did not instantly proceed against him on the charge of escape. He points out that the prosecuting authorities spent some four or five months in attempting to induce him to enter a plea of guilty; and it was not until these cajoleries had failed that the charge was finally filed. We suppose that every person who knows he is in danger of prosecution for a crime may well give the matter some thought, and may well be concerned. But as with the man who waited for the second shoe to drop, there is not much he can do about it. The statute of limitations gives the State a certain time in which to institute a prosecution; in this case, three years. Code section 752.3. So far as we are advised, we have not yet reached the point where the fact that a possible wrongdoer is not immediately charged but is kept in worry and apprehension during some part of the period of the statute of limitations may be thought to have denied him due process of law.

Hottle v. District Court, 233 Iowa 904, 11 N.W.2d 30, and McCandless v. District Court, 245 Iowa 599, 61 N.W.2d 674, relied on by the defendant, are concerned with the rights of defendants to speedy trials after indictment. We are cited to no authority which holds that a defendant serving a sentence in prison who may have committed another crime is entitled as a matter of right to be prosecuted for the latter offense prior to

the expiration of the time fixed by the statute of limitations, and we know of none.—Affirmed.

All JUSTICES concur.