STATE OF IOWA, appellee, v. CHARLES F. DILLON, appellant.

No. 51817.

(Reported in 139 N.W.2d 925)

FEBRUARY 8, 1966.

Napier & Napier, of Fort Madison, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Robert B. Dickey, of Keokuk, County Attorney, for appellee.

GARFIELD, C. J.—Defendant appeals from judgment of conviction and sentence to an indeterminate term not exceeding

five years in the state penitentiary at Fort Madison upon his plea of guilty to the crime of Escape after having been paroled from the penitentiary, in violation of sections 745.1, 745.3, Code, 1962.

Prior to entry of his plea defendant unsuccessfully moved to dismiss the indictment against him on the ground he was denied a speedy trial in claimed violation of Article I, section 10, Constitution of Iowa, and sections 795.1, 795.2, Code, 1962, as amended by chapter 332, Laws Sixtieth General Assembly. Defendant asserts and we will assume he did not waive his motion to dismiss by pleading guilty. Overruling the motion is the only error assigned on this appeal.

On or about April 1, 1964, defendant, while on parole from the state penitentiary at Fort Madison, departed from the state without the written consent of the state board of parole, in violation of the terms of his parole and sections 745.1, 745.3, Code, 1962. He was returned to the penitentiary on April 10 to serve the rest of the sentence from which he had been paroled. He was not charged with the crime of Escape in violation of sections 745.1, 745.3, until he was indicted therefor on January 6, 1965. Defendant was arraigned on this charge on January 11 when an attorney was appointed for him who continued to act. Trial was set for March 8 when defendant's motion to dismiss the indictment was filed and overruled. His plea of guilty was entered and sentence pronounced on March 10.

I. So far as pertinent, Article I, section 10, of our State Constitution provides that in all criminal prosecutions the accused shall have a right to a speedy trial.

Code section 795.1 as amended by section 1, chapter 332, Sixtieth General Assembly, provides: "Failure to indict. When a person is held to answer for a public offense, if an indictment be not found against him at the next regular term of the court at which he is held to answer, or within thirty (30) days, whichever first occurs, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Defendant's argument he was denied a speedy trial and that section 795.1 was violated cannot be sustained. Under surprisingly similar facts State v. Satterfield, 257 Iowa 1193, 136 N.W.2d 257, decides this identical question raised by the same

attorney. Subsequent to defendant's return to the penitentiary on April 10, 1964, and prior to his indictment for violation of sections 745.1, 745.3, on January 6, 1965, he was in the penitentiary to serve out the remainder of the original sentence from which he had been paroled. During this period defendant was not held to answer for the public offense for which he was indicted. Section 795.1 has no application to his situation.

As our Satterfield opinion points out, the effect of accepting defendant's contention would be to greatly shorten the three-year period provided by Code section 752.3 within which defendant could be indicted for the crime sections 745.1, 745.3, define. We are still unable to agree such a result should be reached.

II. Section 795.2, as amended by section 2, chapter 332, Sixtieth General Assembly, provides that a defendant under indictment whose trial has not been postponed upon his application must be brought to trial at the next regular term of the court or within 60 days, whichever first occurs. "An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this Act as to dismissal."

Defendant's argument this statute entitled him to dismissal of the indictment is equally untenable. State v. Long, 256 Iowa 1304, 1307, 130 N.W.2d 663, 665, rejects a like contention. Section 795.2, supra, did not relieve defendant of the duty of making demand for trial in order to be entitled to a speedy trial, since he was represented by counsel at all times after five days following return of the indictment. No such demand was made. Long case, supra.

State v. Gebhart, 257 Iowa 843, 847, 134 N.W.2d 906, 908, is a decision similar to State v. Long.

The judgment is—Affirmed.

All JUSTICES concur.