ARNOLD JOHANNSEN, appellant, v. JAMES STEUART et al., appellees.

No. 52583.

(Reported in 152 N.W.2d 202)

JULY 11, 1967.

James Furey, of Carroll, for appellant.

Norelius & Norelius, of Denison, for appellees.

1142

SNELL, J.—Plaintiff sought damages from the former sheriff of Crawford County and his bondsman for failure to obtain plaintiff's release from jail.

From an adverse ruling on adjudication of law points under rule 105, Rules of Civil Procedure, plaintiff has appealed.

The background of the situation that, to use the words of the trial court, "should never have occurred", is not before us but plaintiff has from the beginning been represented successively by experienced counsel of his own choosing. He has changed counsel twice. Counsel knew where plaintiff was. Their experience was such that we may assume they knew what they were doing, or not doing, and why.

This is not a case of a friendless prisoner held incommunicado with no one to speak for him. While county jails are not ordinarily thought of as free choice selections for a winter vacation there is no claim in the record before us that plaintiff or anyone for him ever objected to the delay in releasing him from custody.

On November 4, 1963, a preliminary information charging Arnold Johannsen with assault with intent to inflict bodily injury contrary to section 694.6, Code of Iowa, was filed in justice court. The information was sworn to by a complainant (not the person injured) and a warrant of arrest was issued by the justice of the peace. Pursuant to this warrant the county sheriff arrested plaintiff on November 7, 1963, and brought him into court.

Able counsel with over 40 years experience and successful practice in the courts of our state appeared for the accused (plaintiff herein) and requested that the preliminary hearing be continued until November 20, 1963. The continuance was granted and bail fixed in the sum of $1000. A "Mittimus on Charge" executed by the justice of the peace and directed to the sheriff provided that in default of bail "you are required to receive him into your care and custody as such Sheriff and detain him in the jail of your said County, until such time as he shall be legally discharged therefrom by order of court."

Bail not being furnished plaintiff remained in custody of the sheriff. Nothing further appears in connection with this charge. Apparently it is still pending. The record does not

show that any order for the release of plaintiff under this charge has ever been made or given to the sheriff by any court.

Some time later a charge of assault and battery was filed against plaintiff before a different justice of the peace. The charge was apparently based on the same incident as the former charge. Who filed this charge does not appear. Trial was had and a verdict of not guilty returned.

On May 22, 1964, plaintiff was released from custody. By whose order does not appear. It apparently followed and was the result of the not guilty verdict on the assault and battery charge.

There is nothing in the record before us to indicate that the charge in justice court ever got to the district court in any form. There has been no indictment or record of grand jury refusal to indict.

Except for his original request for continuance on November 7, 1963, there is no record of any request, complaint or demand by plaintiff for anything until he started this action after his release from jail.

The trial court in an adjudication of law points on the pleadings found no breach of duty by the sheriff. We agree.

I. Plaintiff-appellant concedes in his brief that the trial court's ruling effectively disposed of the case. Having disposed of the issues tendered by the pleadings the ruling under rule 105, Rules of Civil Procedure, was a final order. See Weik v. Ace Rents Incorporated, 249 Iowa 510, 513, 87 N.W.2d 314.

II. Originally plaintiff brought this action for false imprisonment in two counts. The first count does not appear in the record before us. The trial court said:

"Plaintiff has brought this action for false imprisonment in two counts. The first sets up what plaintiff seems to assert to be statutory violations. The second count is on a common law negligence theory.

"The first or statutory count may be dealt with summarily. No statute gives a sheriff the right, much less the duty, to give or seek the release of any prisoner in his custody by valid process "

We agree. The proposition has not been argued on appeal and has apparently been abandoned.

III. Section 356.2, Code of Iowa, provides:

"Duty. The sheriff shall have charge and custody of the prisoners in the jail or other prisons of his county, and shall receive those lawfully committed, and keep them until discharged by law."

There is no claim in this record that plaintiff was not lawfully committed to the custody of the sheriff or was lawfully discharged prior to May 22, 1964.

In Wilson v. Lapham, 196 Iowa 745, 751, 195 N.W. 235, a malicious prosecution and false imprisonment case, this appears: "The rule is universal that, where an arrest is made by an officer in possession of a warrant regular and valid upon its face, and issued by a magistrate having jurisdiction of the subject matter, this fact affords complete protection to the officer and the informant. [Citations]"

IV. Plaintiff cites and relies heavily on Smith v. Miller, 241 Iowa 625, 40 N.W.2d 597, 14 A. L. R.2d 345. In that case a prisoner died of suffocation in a nighttime fire in an unattended jail. The prisoner was securely confined and alone in the jail. There was no way for him to call for help in the event of danger. We said:

"Aside from statutory requirements a sheriff owes a general duty to a prisoner to save him from harm and he is personally liable for negligence or wrongful acts causing the prisoner's injury or death." (Loc. cit. 628)

The case holds that the question of the sheriff's negligence was for the jury.

We adhere to what was said in that case but the situation here is not comparable nor is the holding controlling. Section 356.8, Code of Iowa, requires a sheriff to remove prisoners when the jail is on fire. In the case before us there is no allegation that the sheriff exposed plaintiff to danger or failed to provide for his safety.

In Moore v. Murphy, 254 Iowa 969; 119 N.W.2d 759, the sheriff directed a prisoner to climb a ladder and paint. The ladder was wobbly and the prisoner complained. The sheriff

walked away allowing the ladder to fall causing injuries. We held that there was an allegation of misfeasance and that a cause of action was stated.

The situation in the case before us is not comparable. Here there is no claim of any affirmative act of misfeasance.

V. Although neither argued separately nor supported by authority we have considered plaintiff's specifications of alleged negligence.

■ VI. Plaintiff says the sheriff should have released him after he knew or should have known that the justice of the peace had never bound the plaintiff to the grand jury. We know of no law requiring a sheriff to supervise the action of a committing magistrate or on his own initiative release a committed prisoner.

■ VII. Plaintiff says the sheriff should have released him when he knew or should have known that the grand jury had considered the charge against him and refused to indict. Just how either plaintiff or defendant would know what the grand jury had or had not considered does not appear. Section 771.23, Code of Iowa, provides that the proceedings are secret.

Section 771.21, Code of Iowa, provides that if after investigation the grand jury refuses to indict, the foreman shall so report to the court. The court shall then order discharge of the subject or on good cause direct resubmission. The sheriff has nothing to do with this procedure except to follow the orders of the court.

■ VIII. Plaintiff says the sheriff should have advised the judge of the district court of the grand jury's refusal to indict. A sheriff has no duty to advise the judge as to the conclusions of a grand jury nor source of information from which he could officially advise.

■ IX. Plaintiff says the sheriff failed to cause the grand jury to enter an order of dismissal of the charge against him. A sheriff has neither control over a grand jury nor responsibility for what it does.

■ X. Section 795.1, Code of Iowa, provides that when a person is held to answer for a public offense and not indicted at the next regular term of court at which he is held to answer, or

within thirty days, the court must order the prosecution dismissed unless good cause to the contrary be shown.

Plaintiff says the sheriff should have called to the attention of the judge the refusal of the grand jury to act so plaintiff might have been discharged under this statute.

There is nothing in this statute imposing any such duty on the sheriff.

Plaintiff was not being held to answer to the grand jury. He was held to appear and answer in justice court. There was nothing before the district court. The sheriff was holding plaintiff for the justice court.

For cases decided under this statute see State v. Gebhart, 257 Iowa 843, 134 N.W.2d 906, and State v. Satterfield, 257 Iowa 1193, 136 N.W.2d 257.

XI. Plaintiff says the sheriff should have taken steps to ascertain whether a charge was legally pending against plaintiff.

As stated, supra, there was a charge pending against plaintiff in justice court and the sheriff was holding plaintiff under a mittimus issued incident thereto.

XII. It should be kept in mind that this is not a habeas corpus action challenging the legality of plaintiff's confinement and obtain his release or motion or proceeding to bar prosecution. It is a civil action for damages based on allegations of nonfeasance.

In Moore v. Murphy, supra, Division IV, we said that an officer is not personally liable for acts of nonfeasance in connection with his duties but is liable for acts of misfeasance which occur while in the performance of his duties. Nonfeasance was defined as "the omission of an act which a person ought to do." Loc. cit. 972 of 254 Iowa.

In the case before us there are allegations of nonfeasance but not of misfeasance.

XIII. Section 356.6 of the Code requires a sheriff to keep an accurate calendar of each prisoner with detailed information recorded therein. Section 356.7 says the sheriff must return a copy thereof to the judge at the opening of each term of court. Section 356.9 designates the clerk of the district court and the

county attorney as inspectors of the jails. Sections 356.10 and 356.11 provide for their examination and report to the court.

In his brief and argument on appeal appellant refers to the sheriff's statutory duty under sections 356.6 and 356.7.

We find no such issue submitted to the trial court or reference thereto in plaintiff's petition. There is no claim that the sheriff failed to perform his duty under either statute.

XIV. We do not know what prompted or caused delay in justice court but if plaintiff was unhappy about being detained pending the delayed action on the charge against him he should have said so. Procedures for the prompt disposition of the charge were available. He may not sit idly by and now recover damages from the sheriff who held plaintiff pursuant to a legally issued mittimus.

There is nothing in the record that would support a judgment against the sheriff for false imprisonment.

The trial court was right.

The case is—Affirmed.

All JUSTICES concur.