**Larry PARROTT, Appellant,**

**v.**

**Charles HAUGH, Warden Men's Reformatory, Anamosa, Iowa, Appellee.**

**No. 52903.**

Supreme Court of Iowa.

May 7, 1968.

Larry J. Conmey, Anamosa, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Robert H. Storey, County Atty., for appellee.

MOORE, Justice.

Petitioner, Larry Parrott, is currently incarcerated in the State Men's Reformatory at Anamosa. The cause of his detention is a Cass County District Court mittimus issued February 15, 1967 following sentence on his plea of guilty to a charge of assault with intent to commit rape in contravention of Code section 698.4. On ˙.Iarch 31, 1967 Parrott filed a petition for a writ of habeas corpus in the Jones County District Court. Following court appointment of his present attorney an extended evidentiary hearing was held on April 28, 1967. May 12, 1967 the trial court filed well prepared findings of fact and conclusions of law and denied the writ. Petitioner has appealed. We affirm.

Petitioner asserts the Cass County District Court lacked jurisdiction to restrain him of his liberty for the reasons he was denied his guaranteed right of a speedy trial, his plea of guilty was involuntary and he did not have the benefit of effective assistance of counsel.

The offense for which petitioner is incarcerated was committed August 13, 1966 in Page County. He was apprehended in Twin Falls, Idaho and returned to Iowa by the Page County Sheriff on September 8, 1966. The next day he appeared in Clarinda Police Court with his appointed attorney James Millhone and requested a preliminary hearing which was held September 14. Petitioner was represented by Mr. Millhone and at the hearing's conclusion was bound over to the grand jury.

The accused, having been fully and repeatedly advised of his constitutional rights, appeared and testified before the grand jury. However, due to a combination of circumstances such as the illness of a juror, absence from the state of another juror, the unavailability of a judge, the expiration of the thirty day period provided by Code section 795.1, the grand jury was recessed prior to acting on the charge against Mr. Parrott.

On October 11 a county attorney's information was filed, Mr. Millhone was again appointed, petitioner was arraigned and a plea of not guilty entered. On the same date petitioner filed a petition for change of venue and the court ordered a change to Cass County District Court. Trial was set for November 9.

An application for a continuance due to the illness and hospitalization of Mr. Millhone was filed by the accused on November 7, 1966. The application was granted and the case continued to the February 1967 term of court. Mr. Millhone was elected county attorney for the term commencing January 1, 1967. For this reason Mr. Millhone was permitted to withdraw and at the request of accused William Falk was appointed his attorney. The prosecution was handled by an attorney appointed to represent the state. On February 15, 1967 petitioner appeared in open court with his counsel Mr. Falk and acknowledged he had freely and knowingly signed a written guilty plea on an earlier date. Thereafter he was sentenced and committed to the reformatory.

■ I. Petitioner first contends he was denied the right to a speedy trial. The Sixth Amendment to the United States Constitution provides in part: "In all

criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This constitutional provision has recently been made applicable to state criminal procedure through the due process clause of the Fourteenth Amendment in Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1.

The Iowa Constitution, Article I, section 10, provides in part: "In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury."

In an effort to supplement and render this Constitutional guaranty more meaningful our Sixtieth General Assembly amended section 795.2 to read: "Delay in trial. If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next regular term of the court in which the indictment is triable or within sixty (60) days, whichever first occurs, after the same is found, the court must order it to be dismissed, unless good cause to the contrary is shown. An accused not admitted to bail and unrepresented by legal counsel shall not be deemed to have waived his privilege of dismissal or be held to make demand or request to enforce a guarantee of speedy trial, and the court on its own motion shall carry out the provisions of this section as to dismissal."

■ In the light of this statutory and constitutional background we have reviewed the entire record to determine whether petitioner was unjustly deprived of the right due him. We are convinced he was not so deprived. He had the assistance of counsel from the time of preliminary hearing to his plea of guilty and sentencing. During this period his counsel regularly conferred with him. Trial as initially set was continued upon his request due to his attorney's illness. From the record we must assume petitioner was rela-

tively satisfied with the course of events. He expressed no complaints and made no demand for immediate trial.

Prior to the amendment of section 795.2 we consistently held that to enjoy the privilege of a speedy trial the accused must make demand to the court for an early trial and failure to do so amounted to a waiver of the privilege. See McCandless v. District Court, 245 Iowa 599, 604, 605, 61 N.W.2d 674, 677; Pines v. District Court, 233 Iowa 1284, 1296–1302, 10 N.W. 2d 574, 581–583, and citations.

■ The amendment requires trial within 60 days after return of the indictment (or filing the information) if the next term of the court is later than 60 days. Concededly more than 60 days elapsed here. Under the amendment the necessity of demand for trial is obviated only if the accused has not been admitted to bail *and* is unrepresented by counsel. Parrott was not admitted to bail but he was represented by counsel throughout the proceeding. Under our decisions we hold petitioner waived his right to a speedy trial. State v. Houston, Iowa, 158 N.W.2d 158, filed April 9, 1968; State v. Dillon, 258 Iowa 784, 785, 786, 139 N.W.2d 925, 926, 927; State v. Satterfield, 257 Iowa 1193, 1195, 1196, 136 N.W.2d 257, 258, 259; State v. Gebhart, 257 Iowa 843, 847, 134 N.W.2d 906, 908; State v. Long, 256 Iowa 1304, 1308, 130 N.W.2d 663, 665.

II. Petitioner argues his plea of guilty was involuntary. We find no merit in this contention. Code section 777.12 provides in part: "Plea of guilty—form—entry. The plea of guilty can only be made in open court and by the defendant himself, and in the presence of legal counsel acting on behalf of the defendant if the defendant is charged with a felony in substantially the following form: 'The defendant pleads that he is guilty of the offense charged in the indictment', and shall be entered of record. * * *."

■ A plea of guilty must be entirely voluntary and not the result of any form of coercion. A plea resulting from coercive methods will not support a judgment and sentence based thereon. Herold v. Haugh, 259 Iowa 667, 145 N.W.2d 657, 658; State v. Bastedo, 253 Iowa 103, 106–109, 111 N.W.2d 255, 256–258; 21 Am.Jur.2d Criminal Law section 485; 22 C.J.S. Criminal Law § 423(2).

Petitioner had written his mother that he intended to plead guilty and made a like statement to the sheriff. On direct examination he testified he voluntarily signed a written plea of guilty in the presence of his counsel on January 19, 1967. He further testified he read the plea and understood he waived his rights to a "regular trial". Petitioner appeared in open court February 15, 1967 with his counsel and acknowledged he signed the written plea of guilty of his own free will and that he understood it. He stated he was ready to have sentence pronounced and it was accordingly imposed.

Petitioner apparently bases his claim of involuntariness on two claims, (1) he was coerced to plead guilty to the charge of assault with intent to commit rape for fear a rape charge would otherwise be brought against him and (2) he at no time made an open court plea of guilty as required by section 777.12. Rather he merely acknowledged in response to the judge's questioning that he had knowingly signed the written plea of guilty on a previous date.

■ We have held a plea of guilty is not rendered involuntary by the fact it was partly induced by the possibility a more serious charge might be prosecuted. State v. Lampson, Iowa, 149 N.W.2d 116, 121, 122, and citations, cert. den. March 4, 1968, 390 U.S. ——, 88 S.Ct. 1065, 19 L.Ed.2d 1160.

The Lampson opinion quotes this from State v. LaMarr, 231 Ind. 500, 109 N.E.2d 457, 459, 460: "When the law requires a plea of guilty to be entered freely and voluntarily it does not mean that an accused acts in the matter of his own free will. No doubt no accused wants to be charged with crime, nor would he like to enter a plea of guilty in any case. The law contemplates that he have an uncoerced election to plead not guilty or guilty, after he has had the benefit and advice of competent counsel. The fact that an accused may elect to plead guilty to a lesser offense when he is also charged with a more serious offense does not make his plea coerced Nor would the fact that the representative of the State indicated to him that he would be prosecuted under the more serious offense if he pleaded not guilty to the lesser offense, make the guilty plea void or voidable. There is nothing in this record from which the trial judge would have the right to draw the inference that the State was going to use improper or illegal means to attempt to obtain a conviction under either charge. Whatever fear the appellee entertained as to the possibility of his being convicted as an habitual criminal did not make his plea of guilty to voluntary manslaughter given under coercion or duress."

■ We find no merit in petitioner's assertion his plea failed to comply with section 777.12. He acknowledged in open court while assisted by counsel that he knowingly and intelligently signed the written plea. He at no time voiced disapproval or dissatisfaction with the plea. He waived time for pronouncement of sentence which was then imposed. Such an acknowledgment in open court in the presence of his attorney is tantamount to an open court plea as required by section 777.12. Minor deviations from statutory procedure do not amount to a denial of due process entitling petitioner to relief in a collateral proceeding such as habeas corpus. Herold v. Haugh, supra, 259 Iowa 667, 145 N.W.2d 657, 661, 662, and citations.

■ III. Petitioner's claim he did not have effective assistance of counsel is entirely lacking in proof. The trial court

succinctly and summarily disposed of this issue by stating: "petitioner was at all times represented by able and effective counsel".

It is established the inadequacy of appointed counsel is a constitutional defect that deprives the trial court of jurisdiction to proceed with the trial and sentence of the accused and such question is properly raised in habeas corpus. Birk v. Bennett, 258 Iowa 1016, 1019, 141 N.W.2d 576, 578; Buteaux v. Bennett, 256 Iowa 1068, 1071, 129 N.W.2d 651, 653.

We have, however, recognized it is only where what was or was not done by the attorney for his client made the proceedings a farce and a mockery of justice, shocking the conscience of the court, can a charge of inadequate legal representation prevail. Ashby v. Haugh, Iowa, 152 N.W. 2d 228, 233, cert. den. January 15, 1968, 389 U.S. 1056, 88 S.Ct. 809, 19 L.Ed.2d 855; State v. Wesson, 260 Iowa 331, 149 N. W.2d 190, 195; Scalf v. Bennett, 260 Iowa 393, 147 N.W.2d 860, 864; and citations.

The burden of proof was on petitioner to establish his counsel was ineffective and he did not have a fair trial. State v. Wesson, Herald v. Haugh, Scalf v. Bennett, Ashby v. Haugh, all supra.

We have uniformly held the trial court's findings in a habeas corpus action not involving custody of a child are binding upon us if supported by substantial evidence. Hansen v. Haugh, 260 Iowa 236, 149 N.W.2d 169, 171, 172, and citations. Such support is ample here.

We are convinced the trial court was correct in denying petitioner a writ of habeas corpus.

Affirmed.

All Justices concur except RAWLINGS and BECKER, JJ., who concur in the result only.