DALE MILTON BUTEAUX, appellant, v. JOHN E. BENNETT, warden of Iowa State Penitentiary, appellee.

No. 51369.

(Reported in 129 N. W.2d 651)

JULY 16, 1964.

REHEARING DENIED SEPTEMBER 22, 1964.

Dale Milton Buteaux, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

LARSON, J.—On September 12, 1961, petitioner Dale Milton Buteaux appeared before the District Court of Polk County with his attorney and entered a plea of guilty to the crime of rape as charged by a county attorney's information. He waived formal arraignment, any objections to the form and substance of the information, waived time, and asked for the immediate pronouncement of sentence. His plea was accepted by the judge and defendant was sentenced to imprisonment in the Men's Reformatory at Anamosa, Iowa, for a period of seventy-five years, as provided in section 698.1, Code of Iowa, 1958. He was later transferred to the State Penitentiary at Fort Madison, Iowa. No appeal was taken from this conviction.

By habeas corpus proceedings commenced January 9, 1964, he seeks to nullify his conviction and contends the trial court erred in refusing him an evidentiary hearing on his petition and in ruling that on its face the petition shows him not entitled to the relief demanded. His petition being dismissed, he appeals.

Petitioner appears here pro se. As we understand it, he claims when he entered his plea of guilty he was denied right to effective counsel, was denied the right to be judged by an impartial judge in a proper proceeding, and was thereby coerced into the plea. Thus it is his position that he is deprived of his liberty without due process of law in violation of Article I, section 9, of the Iowa Constitution, and in violation of Amendment 14 of the United States Constitution. Specifically, he alleges the record disclosed that the district court was "wholly without jurisdiction" to act in this matter on September 12, 1961 (Exhibits A, B, and E), that the presiding judge had already prejudged his guilt (Exhibit G), and that due to the dishonesty or incompetency of his attorney and the coercion and undue influence exercised by the court and the state's attorney, through his attorney he unknowingly and unwittingly entered a plea of guilty to a crime he did not commit. There is no merit in any of these contentions.

The record before us is brief. It includes appellant's petition, a copy of the county attorney's information with attached minutes (Exhibit B), the mittimus with attached statement of the proceedings at the time it rendered judgment (Exhibit A), and the docket of the municipal court of Des Moines pertaining to the original charge of rape against defendant (Exhibit E), and a purported news item published August 3, 1961, in the Des Moines Tribune some five weeks prior to defendant's plea of guilty (Exhibit G). It also includes an order and judgment by Judge Fountain of the Ninth Judicial District pursuant to a hearing on petitioner's belated "motion to set aside or reduce judgment of sentence" October 17, 1962 (Exhibit F), in which the judge overruled all grounds set forth by petitioner as a basis for that review. In his brief and argument petitioner accuses his own counsel of "betrayal" and incompetency, and the

judge who accepted his plea as being prejudiced. The documents and acts set forth do not sustain those charges. None is inconsistent with complete honesty and reasonable judgment of the officers. The county attorney's information, the court's judgment and sentence, and the mittimus are all regular upon their face, and petitioner does not contend otherwise. He merely draws from them inferences which he believes support his charges.

I. One accused of a crime is entitled to one but only one fair trial. Streit v. Lainson, 250 Iowa 336, 93 N.W.2d 767. The purpose of a habeas corpus proceeding is not to determine the guilt or innocence of the prisoner as to the crime charged, nor to pass upon the errors in his trial, especially those of judgment, nor to pass upon the sufficiency of the evidence to sustain the charge. Mann v. Lainson, 250 Iowa 529, 530, 94 N.W.2d 759, 760. Unless there was no jurisdiction in the court, its judgment is not void and may not be attacked by habeas corpus. It is true, however, that lack of effective counsel may constitute a jurisdictional defect reviewable by habeas corpus. Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556; State v. Karston, 247 Iowa 32, 72 N.W.2d 463. As in the case of Mann v. Lainson, supra, we have here no more than a conclusion by petitioner, who now does not like the results, that his own counsel was not competent and did not use proper judgment in representing and advising him in these premises. Petitioner contends the information and the judgment and sentence sustain his contention that his own attorney's acts here were not reasonable nor in his client's best interests. We cannot agree. The fact that his attorney allowed him to plead guilty to the pending charge of rape and to waive any objections to the information, so that the accused could receive his sentence and commence serving his time, rather than to await Grand Jury action and run the risk of convictions on two rape counts, we think is not proof of counsel betrayal or of his incompetency. It is not proof that waivers of possible jurisdictional defects were adverse to petitioner's best interests. It is true the law requires that the court properly acquire jurisdiction of the parties and the subject matter or that defects therein be waived (State v.

Meyers, 256 Iowa 801, 129 N.W.2d 88), that coercion and undue influence exercised to obtain a plea of guilty to a crime could void a conviction, and that ineffective counsel can be jurisdictional, but we find no factual disputes concerning these issues alleged by petitioner herein. He relies solely upon legal conclusions and inferences, which we find are not helpful to him.

■ II. In a habeas corpus proceeding the only admissible procedure where an issue of fact is presented is the conduction of a hearing where the petitioner may present evidence. Walker v. Johnston, 312 U. S. 275, 61 S. Ct. 574, 85 L. Ed. 830; Townsend v. Sain (1963), 372 U. S. 293, 83 S. Ct. 745, 9 L. Ed.2d 770.

■ Appellant's difficulty here is that the basis of his claim raises no factual dispute which would require an evidentiary hearing. The basis for his first complaint is that the District Court of Polk County could not consider the county attorney's information filed September 11, 1961, charging him with rape. By this he apparently contends his prior act of waiving to the Grand Jury July 18, 1961, at the preliminary hearing in municipal court barred the filing of the county attorney's information on the same charge. Obviously, this contention does not raise a fact question but a legal one. Furthermore, nowhere in his petition does he allege the Grand Jury was then in session, and we cannot assume the information was defective for such a reason.

Petitioner seems to realize that such a jurisdictional defect, if it was a defect, was probably waived by him at the time he entered his plea. The court's judgment so states. Nevertheless, he argues that this waiver in open court is evidence that his counsel was not competent and did not properly represent him. However, we find no motion was ever made to set the information aside either before or after sentence, and we have held many times such objections are deemed waived by failure to so act. State v. Lockhart, 241 Iowa 638, 39 N.W.2d 589. Lamb v. Davis, 244 Iowa 231, 56 N.W.2d 481, held the constitutional right of an accused to a speedy trial made a waiver of such jurisdictional rights advantageous to the accused. Here petitioner had been incarcerated over two months under a $50,000 bond. Under these conditions it did not appear un-

wise or foolish to ask for an immediate trial before the district court. Rather it seems abundantly clear that this was all done in accordance with petitioner's full knowledge and desire, and that the court did not act without jurisdiction in this matter.

III. We are satisfied this record does not tend to show that petitioner's original counsel was incompetent or that, by allowing a waiver and plea, he betrayed his client. It seems quite clear that counsel sought on behalf of his client a so-called "best deal" by which his client would receive a sentence as much less than life as was possible under section 698.1 of the Code. We note that the charge originally filed in the municipal court was not changed but was the same charge which was presented to the district court by the county attorney's information. We also note that under the minutes attached to both, other serious charges involving other parties and other crimes were possible against this accused. Under these circumstances we must conclude no issue as to counsel's faithfulness or competency appears.

IV. There is no apparent basis for a charge of coercion or undue influence exercised by either defendant's counsel, the court, or the county attorney, in the negotiations to dispose of this matter to defendant's satisfaction. The fact that the original charge was not changed or the sentence further reduced furnishes no reasonable inference of coercion or undue influence. Furthermore, appellant's petition did not allege any promise, threat, or inducement made to obtain his plea of guilty. The implication that his own attorney discussed the situation with him and expressed a belief that this disposition was to his advantage does not raise a fact issue of undue influence or coercion.

V. Appellant next contends that a fact issue on the question of court prejudice appears. As a basis for this contention he refers to Exhibit G, a purported newspaper report of a statement by the judge to one Trent when pronouncing sentence upon him for the crime of burglary with aggravation a week or so before defendant appeared before the court. Trent apparently was also a party to the escapade resulting in these charges. Trent admitted he assisted in tying up the girls in-

volved in these crimes and in taking a television set from the premises. In sentencing Trent the judge told him the court "has the responsibility of shouting out loud to the world" that men who "ravage women" will be dealt with severely by the court. He told Trent, "You are as guilty of rape as the other man." Because of his record and his willingness to "tell the truth", Trent received a lesser sentence. From this alleged news story petitioner concludes the judge had decided that he (the other man) was guilty of rape before trial. We do not so understand the court's language. It is more reasonable to conclude that he was advising the party before him, who admitted being an accessory, that in the eyes of the law he was just as guilty as the one committing the criminal act of rape. We so conclude. At least we are satisfied this exhibit did not provide a substantial basis for raising the prejudiced issue against the court or require an evidentiary hearing thereon.

VI. Even though these conclusions dispose of the appeal, we shall refer to an evidentiary hearing conducted by the District Court of Polk County on October 17, 1962. Although long past the term of court when defendant was sentenced, the Polk County District Court did grant him a hearing upon his "motion to set aside or reduce judgment of sentence." The grounds alleged were substantially the same as those set forth in his petition for habeas corpus. After due consideration of the evidence and statements of a specially-requested court-appointed counsel, the presiding judge, who was not the same one acting on the original matter, overruled each and every paragraph and ground thereof.

Section 788.2, Code, 1958, provides a motion in arrest of judgment "may be at any time before or after judgment, *during the same term.*" (Emphasis supplied.) The district court recognized this restriction but stated, "in view of the nature of the very serious allegations made by the defendant in his motion, this court decided in the interest of justice to grant the defendant a hearing upon his application, * * *." It ordered petitioner's return and furnished him an attorney of his own choice for the hearing. After the hearing the court found that "there was no substantial or competent evidence to sus-

tain any of the material allegations of the defendant's motion", and overruled it. It was pointed out that defendant's counsel at the time of his plea was his own, that he was of good repute and had some twelve years experience in the practice of law, that the acceptance of defendant's plea and the sentence imposed were well within the trial court's discretion, and that defendant and his family were well aware that under the crime charged defendant could have received a maximum sentence of life imprisonment.

While we have already said the hearing was not one authorized and the decision not appealable, we think it is worthy of mention on the question of whether the defendant had a fair trial and whether he has received full and careful judicial consideration of his complaints. Trial courts that accept pleas of guilty can do no more than was done here in order to protect the rights of the accused and should not be lightly accused of improper conduct. The same must be said of attorneys who conscientiously represent and advise persons accused of serious crimes.

VII. In the case at bar, viewing the petition in the light most favorable to appellant, we find nothing but his conclusions, unsupported by any allegations which raise factual issues that require an evidentiary hearing. In doing so, we fully recognize the right of all to petition for a writ of habeas corpus under the Constitutions of the State and Federal Governments, and that this right should be liberally construed, but we also recognize it is not a proceeding by which one who has been duly convicted in the courts of the state may retry the original case upon random statements and conclusions of official misconduct.

Having carefully read and reread the petitioner's allegations and exhibits, as well as his narrative of what he says occurred prior to his plea and conviction, which he refers to as the record, we are convinced the trial court was correct in dismissing his petition for a writ of habeas corpus.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.