Odus DOUGLAS, Petitioner-Appellant,

v.

E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.

No. 16394.

United States Court of Appeals
Sixth Circuit.

March 11, 1966.

Donald J. Zimmerman, Cincinnati, Ohio, for appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee, William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief.

Before EDWARDS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Petitioner appeals from the order of the district court denying a petition for a writ of habeas corpus, and alleges error on the part of the court in denying him counsel in the proceeding. One of the grounds upon which petitioner bases his right to the writ is the failure of the state court, in the criminal proceeding in which he was convicted, and for which he was serving a sentence in the Ohio penitentiary, to provide counsel for him at pretrial proceedings. On his trial, petitioner was found guilty of armed robbery as charged in the indictment. There was no claim on his part that he did not have a fair trial, or that his trial counsel was less effective because of want of counsel in the pretrial proceedings. Such proceedings were not critical, and petitioner was not prejudiced or damaged by not having counsel at that stage in the case. On his trial, the counsel who then represented him could have made any motion that could have been made at the pretrial, including the changing of his plea.

Denial by the court to appoint counsel in the habeas corpus proceedings was not a violation of petitioner's right to have assistance of counsel in a criminal proceeding in violation of his rights under the Sixth Amendment, since a proceeding in habeas corpus is not a criminal proceeding; and, under the Fifth Amendment, due process does not require right to counsel except in unusual circumstances, which are not present in this case. Petitioner had court-appointed counsel at his trial. He does not claim such counsel was inadequate, or that he did not have a fair trial. There was no

direct appeal of the judgment of his guilt. The Supreme Court of Ohio twice rejected his contentions as to his alleged illegal detention, in the course of two state habeas corpus proceedings.

In the district court, when he was afforded an opportunity to present any and all evidence he had in this habeas corpus proceeding, he chose to stand on his pleadings in the state court; and the district court, after a statement that it had carefully considered the proceedings, exhibits, and memoranda, and the arguments submitted, denied the petition for a writ of habeas corpus. The fact that the memorandum opinion of the district court was made in lieu of findings of fact and conclusions of law, pursuant to Rule 52 of the Federal Rules of Civil Procedure, was not error.

In accordance with the foregoing, the judgment of the district court is affirmed.

The court takes this occasion to express its appreciation for the able argument and brief on appeal submitted by Donald J. Zimmerman, a member of the bar of the Sixth Circuit, appointed by the court to represent petitioner on this appeal.