STATE OF IOWA, appellee, v. ROBERT BIRCHALL, appellant.

No. 52612.

(Reported in 150 N.W.2d 715)

MAY 2, 1967.

Robert Birchall, pro se.

Richard C. Turner, Attorney General, for appellee.

PER CURIAM—Defendant, Robert Birchall, was charged by county attorney's information with uttering a forged instrument in violation of Code section 718.2.' On July 6, 1966, defendant appeared in person and by his attorney and entered a plea of guilty as charged. The trial court, after carefully questioning defendant and his attorney, found defendant had been fully advised, was aware of the meaning of his plea and that the plea should be accepted. The trial court found defendant guilty as charged and set time for sentencing at 1:30 p.m. July 13, 1966. The trial court ordered the State Board of Parole to make a presentence investigation.

On July 13, 1966, defendant appeared before the trial court in person and by his attorney and was advised he would be permitted to withdraw his former plea and enter a plea of not guilty if he cared to do so. Defendant elected to stand on his plea of guilty. He was then sentenced to an indeterminate term not to exceed ten years in the men's penitentiary at Fort Madison.

On September 13, 1966, at Fort Madison defendant personally prepared and signed a notice of appeal. It was filed with the Fremont District Court clerk on September 15, 1966. It fails to disclose service thereof on the county attorney. We have only the clerk's transcript of the proceedings in the trial court. The record before us reveals no error.

Code section 793.2 provides appeals in criminal cases must be taken within sixty days after final judgment.

Section 793.4, Code 1962, 1966, provides: "Taking and perfecting. An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto."

Defendant attempted to appeal by filing notice thereof in the manner provided by rule 336, Rules of Civil Procedure, governing appeals in civil cases, rather than by serving notice as required by section 793.4, applicable in criminal cases. An appeal in a criminal case cannot be taken and perfected by filing notice of appeal with the clerk of the court. Rule 336 has no application to appeals in criminal cases, which are governed by section 793.4. State v. Thomas, 238 Iowa 998, 999, 29 N.W.2d 198, 199; State v. Fees, 250 Iowa 163, 165, 93 N.W.2d 103, 104. Notice of appeal was attempted more than sixty days after final judgment.

This court under the record is without jurisdiction to consider defendant's appeal. State v. Olsen, 180 Iowa 97, 162 N.W. 781; State v. Bufford, 231 Iowa 1000, 2 N.W.2d 634; State v. Thomas and State v. Fees, both supra; Ford v. State of Iowa. 258 Iowa 137, 138 N.W.2d 116.

Appeal dismissed.