**UNITED STATES of America ex rel. Calvin MANNING, Appellant,**

**v.**

**Joseph R. BRIERLEY, Superintendent.**

**No. 16969.**

United States Court of Appeals Third Circuit.

Submitted on Briefs March 7, 1968.

Decided April 1, 1968.

---

Calvin Manning, pro se.

Henry T. Crocker, Asst. Dist. Atty., County of Montgomery, Norristown, Pa., Richard A. Devlin, Asst. Dist. Atty., Milton O. Moss, Dist. Atty., Montgomery County, for appellee.

Before HASTIE, Chief Judge, and SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant, an indigent state prisoner, was sentenced by a Pennsylvania court to a 10–20 year term after pleading guilty to an indictment charging him with the murder of a fellow inmate. He was represented by counsel. He is now serving that sentence. He appeals from a judgment of the district court denying him a writ of habeas corpus after the court held a full evidentiary hearing and after it considered the state court record.

The district court filed an elaborate opinion carefully analyzing the law and the evidence pertinent to two of appellant's claims:

(1) that a statement taken from him and used at the hearing held to determine the degree of murder was coerced, and

(2) that his guilty plea was not voluntary.

 We conclude that the factual findings of the district court were fully justified by the record and that he correctly applied the law to the facts as he found them.

 Appellant contends that the district court committed error in refusing to appoint counsel for him. As the law now stands the appellant had no absolute right to the appointment of counsel in this habeas corpus proceeding. It is still treated as a civil matter.[1] The district court, 285 F.Supp. 78, of course, has a discretionary right to make an appointment of counsel in this case. See 28 U.S.C.A. § 1915(d). From our review of the record we are unable to find that the refusal of the district court to appoint an attorney in this case constituted an abuse of discretion.

The judgment of the district court will be affirmed.

---

1. Cf. United States ex rel. Sholter v. Claudy, 203 F.2d 805 (3rd Cir. 1953).