**Charles D. LARSON, Appellant,**

**v.**

**John E. BENNETT, Warden, Iowa State Penitentiary, Fort Madison, Iowa, Appellee.**

**No. 52832.**

Supreme Court of Iowa.

July 18, 1968. .

Rehearing Denied Sept. 4, 1968.

Charles D. Larson, pro se.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Robert H. Story, County Atty., Anamosa, for appellee.

MOORE, Justice.

Petitioner, Charles D. Larson, was convicted of murder in the second degree and

sentenced December 30, 1946 to be confined in the Iowa State Penitentiary at Fort Madison for a term of 99 years. No appeal was taken. An accomplice, Louis B. Hofer, was earlier tried, convicted and sentenced to be hanged for murder in the first degree. The judgment against Hofer was affirmed by this court. State v. Hofer, 238 Iowa 820, 28 N.W.2d 475, sets out the facts in detail on which each was convicted. Stated briefly Larson and Hofer were convicted for killing a reformatory guard by striking him on the head with a hammer while perpetrating an escape. Hofer's sentence was later commuted to life and recently to a term of 90 years.

Petitioner, while serving his sentence in the state penitentiary, on May 1, 1967 filed his petition for a writ of habeas corpus in the Lee County District Court. He alleged his restraint was illegal and unconstitutional as he had been denied due process in his murder case conviction. We discuss his several contentions infra. Following an evidentiary hearing the trial court denied the relief sought and petitioner has appealed.

I. He first asserts the trial court erred in denying his request for appointment of counsel to assist him in the trial and also the appeal of this habeas corpus proceeding.

■ Long before the opinions in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and subsequent Federal cases, including Miranda, our statutes provided for appointment of defense attorneys prior to trial and on appeal of felony cases. Code sections 775.4 and 777.12. Our only post conviction remedy is that provided by habeas corpus under Code chapter 663. It contains no provision for appointment of counsel for indigents.

■ The 61st General Assembly in 1965 enacted the public defender law, now chapter 336A, Code, 1966. Section 336A.7 authorizes appointment of other defense counsel both for trial and on appeal but makes no such provision in habeas corpus cases. This legislation was passed subsequent to our holding in Waldon v. District Court, 256 Iowa 1311, 130 N.W.2d 728, in which we recognize habeas corpus is a civil action and there is no provision in our law for appointment of counsel in a civil action. After reviewing both state and federal constitutional rights of the petitioner, we held in Waldon the State is not constitutionally bound to furnish counsel in a habeas corpus case. Waldon, together with cases from several other jurisdictions, is cited with approval in Henderson v. State, 11 Ohio App.2d 1, 227 N.E.2d 814, 816.

■ It is well settled there is no constitutional right to representation by counsel in habeas corpus proceedings in the federal courts. Anderson v. Heinze, 9 Cir., 258 F.2d 479; United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707; Douglas v. Maxwell, 6 Cir., 357 F.2d 320; Hampton v. State of Oklahoma, 10 Cir., 368 F.2d 9; LeClair v. United States, 7 Cir., 374 F.2d 486; Roach v. Bennett, 8 Cir., 392 F.2d 743, filed April 15, 1968. Most of these cases and also Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, recognize the trial court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and the court may find it useful to appoint counsel to represent the petitioner.

United States ex rel. Manning v. Brierley, 3 Cir., 392 F.2d 197, 198, (1968) says: "Appellant contends that the district court committed error in refusing to appoint counsel for him. As the law now stands the appellant had no absolute right to the appointment of counsel in this habeas corpus proceeding. It is still treated as a civil matter. The district court, 285 F.Supp. 78, of course, has a discretionary right to make an appointment of counsel in this case. See 28 U.S.C.A., § 1915(d). From our review of the record we are unable to find that the refusal of the district court to appoint an attorney in this case constituted an abuse of discretion."

In the case at bar the trial court granted a full evidentiary hearing attacking petitioner's 1946 conviction for murder. The record shows the trial court was careful and patient in answering all questions of procedure propounded by petitioner. The court gave him full and complete range in offering his evidence and cross-examining respondent's witnesses. Under the facts here we find no abuse of discretion by the trial court on the question of appointment of counsel.

Waldon v. District Court, supra, is modified only to the extent of vesting in the trial court the discretion of appointing counsel when the facts in a particular case make such appointment desirable.

We find no reversible error in the trial court's refusal to appoint counsel as requested by petitioner-appellant.

II. Appellant's next assignment of error states: "The Habeas Court erred in failing to hold a review of the complete records of the criminal trial court." Of course habeas corpus does not supplant an appeal nor provide for the determination of one's guilt or innocence. The only germane issues involve jurisdiction, due process, and the included question of the existence of the crime charged. Scalf v. Bennett, 260 Iowa 393, 147 N.W.2d 860, 863, 864; Buteaux v. Bennett, 256 Iowa 1068, 1071, 129 N.W.2d 651, 653; Nelson v. Bennett, 255 Iowa 773, 776, 123 N.W.2d 864, 865, 866; Mann v. Lainson, 250 Iowa 529, 530, 94 N.W.2d 759, 760.

Although phrased rather inarticulately we interpret appellant's second assigned error as an assertion he was deprived of due process because of the denial of his request that he be furnished a court reporter's transcript of the trial of the murder case. He made a written request for such a transcript to the Jones County District Court where he was tried in 1946 which was denied. The record is devoid of a specific basis for such denial. There was no proof such a transcript had ever been prepared or that it was obtainable in 1967.

Appellant made a like request to the trial court at his habeas corpus hearing on June 5, 1967. The court denied his request on the grounds neither the United States Constitution nor the laws of Iowa require furnishing such a transcript at state or county expense for use in a habeas corpus proceeding. We agree.

Code section 793.2 provides an appeal in a criminal case can only be taken from the final judgment and within sixty days thereafter. Section 793.8 provides an indigent defendant who has perfected an appeal pursuant to section 793.2 may be furnished a transcript of the evidence adduced in the trial court for use on appeal. This procedure is now constitutionally compelled under Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055. Accordingly an indigent is now entitled on direct appeal from his conviction to a transcript sufficient to insure an adequate appellate review.

Appellant, however, has at no time sought redress of his grievances through a direct appeal from his conviction. Hence, we necessarily conclude this is without the scope of coverage afforded by Griffin v. People of State of Illinois or section 793.8. The time allotted by statute for perfecting an appeal has long since passed and consequently we are without jurisdiction to entertain such an appeal or to order a transcript furnished to petitioner. State v. Birchall, 260 Iowa 756, 150 N.W.2d 715, 716, and citations.

Appellant cites Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed. 2d 290, as authority for holding he is entitled to a free transcript of the murder trial for use in his habeas corpus action. Long holds a state must furnish a free transcript of a habeas corpus proceeding to an indigent state prisoner for use on appeal from an adverse decision therein where a transcript can be reasonably made available and no adequate alternatives are made available by the state. Appellant herein has been furnished a transcript of his

habeas corpus hearing and it has been used on this appeal. We do not read *Long* as constitutionally requiring petitioner be furnished a free transcript of his murder case trial for use in his habeas corpus proceeding.

■ Under the facts here we find appellant was not materially prejudiced by his inability to obtain a complete transcript of his murder trial. He was furnished a Jones County District Court clerk's transcript which was introduced on trial as exhibit 4 by respondent. This certified exhibit consists of copies of the county attorney's information upon which petitioner was charged, minutes of the testimony of various witnesses, notice of additional witnesses who were to be called, the judgment and sentence, affidavit of defense attorney filed for allowance of fees, subpoenas and return of service, and detailed court minutes relating the progress and events of the murder trial.

III. Appellant next argues the trial court erred in finding two written statements signed by and used against him at the murder trial were voluntary. The question of their voluntariness was one of the issues determined in that trial. Such issue could have been further tested on direct appeal from his conviction but this was not done. Appellant's contention really amounts to an attempt in habeas corpus to perfect an appeal on this issue. As we have already pointed out habeas corpus may not be used to perform the function of an appeal. Much of the record, however, relates to evidence offered by both parties on the question of voluntariness of the two written statements admittedly signed by appellant about two days after the assault upon the reformatory guard and therefore we will consider petitioner's third assigned error.

The escape from the reformatory by appellant and Hofer was accomplished as planned by an assault on the guard, from which he later died, and taking his automobile on June 12, 1946. Appellant was apprehended late afternoon of June 14 approximately fifty miles from the reformatory to which he was promptly returned. Appellant's version is that upon his return to the institution, where he was serving a five year sentence for larceny, he was immediately stripped of all his clothing and beaten into a state of unconsciousness by reformatory guards. About an hour later he was taken to an interrogation room where after being questioned by state agents he signed the first of the incriminating statements. On June 17 he signed a second statement containing similar information, but containing additional details. He maintains both statements were signed only because he was fearful of physical and psychological intimidation.

Respondent-appellee's evidence is all to the contrary. G. M. Strand, a former employee of the Iowa Bureau of Investigation, testified at the habeas corpus hearing appellant was given a shower, shave and clean clothing upon his return and an hour later was brought to an interrogation room where he, another agent and the warden were present. Strand testified no threats or promises were made, no marks of physical abuse were observable on petitioner and he signed the statement voluntarily.

Each of the two typewritten statements contain phrases they were given freely and voluntarily in the absence of threats or promises with knowledge they may be used in court as evidence. Appellant's signature to each was witnessed by the two state agents and the warden. Strand testified petitioner read both statements to insure against inaccuracies and oversight and he advised appellant he was under no obligation to sign.

■ We have uniformly held the trial court's findings in a habeas corpus action not involving custody of a child are binding upon us if supported by substantial evidence. Parrott v. Haugh, Iowa, 158 N.W.2d 766, 771; Hansen v. Haugh, 260 Iowa 236, 149 N.W.2d 169, 171, 172; Scalf v. Bennett, 260 Iowa 393, 147 N.W.2d

860, 863; Hoskins v. Bennett, 256 Iowa 1370, 1377, 131 N.W.2d 510, 515. The support is ample here. We find no merit in the third assignment of error.

IV. Appellant next urges his court appointed attorney was ineffective. We recognize lack of effective counsel may constitute a jurisdictional defect reviewable by habeas corpus. Parrott v. Haugh, Iowa, 158 N.W.2d 766, 769; Scalf v. Bennett, 260 Iowa 393, 147 N.W.2d 860, 863; Birk v. Bennett, 258 Iowa 1016, 1019, 141 N.W.2d 576, 578; Buteaux v. Bennett, 256 Iowa 1068, 1071, 129 N.W.2d 651, 653. We are also cognizant of the frequency with which charges of incompetency are directed to conscientious, dutiful and able defense counsel by disappointed defendants. Hoskins v. Bennett, 256 Iowa 1370, 1375, 131 N.W.2d 510, 513. After careful reading of the record including the transcript, exhibit 4, we find it amply supports a finding appellant was represented by effective competent counsel.

It is presumed a court appointed counsel for an indigent defendant acts properly. Ashby v. Haugh, Iowa, 152 N.W.2d 228, 233, and citations. Cert. den. January 15, 1968, 389 U.S. 1056, 88 S.Ct. 809, 19 L.Ed.2d 855.

The burden of proof was on petitioner to establish his counsel was ineffective and he did not have a fair trial. Parrott v. Haugh, Iowa, 158 N.W.2d 766, 771; Ashby v. Haugh, supra; State v. Wesson, 260 Iowa 331, 149 N.W.2d 190, 195; Scalf v. Bennett, supra.

"Effective" does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and learned and able counsel is given a reasonable opportunity to perform the task assigned to him. Scalf v. Bennett, supra, 260 Iowa 393, 147 N.W.2d 860, 864, and citations. Compared with the result in the Hofer case it may be strongly argued appellant's defense was successful. That may

have been one of the reasons defense counsel advised against appealing the murder case conviction. The sentence made a later grant of a parole possible. We have been advised such a parole was granted a few months ago.

Mr. Warren Rees, now chief judge of the 8th judicial district, was appointed defense counsel on June 17, 1946 and on June 17 a plea of not guilty was entered. The record reveals Mr. Rees appeared in court on seven separate occasions in addition to actual trial time. He chose not to call any character witnesses presumably in an attempt to keep appellant's somewhat tarnished character from being put in issue. He put appellant on the witness stand. Mr. Rees and his partner, Mr. Howard Remley, now a past president of the Iowa State Bar Association, divided between them the closing argument to the jury. Appellant testified he was satisfied with the argument.

Appellant's claim, made more than twenty years after the trial, that his counsel should have asked for a change of venue and should not have advised against taking an appeal, falls far short of meeting the proof required to establish his claim that his counsel was ineffective.

V. Appellant's final two assignments can be considered together. He asserts he was deprived of due process of law in that the court did not have proper in personam jurisdiction and he was denied a preliminary hearing. Both allegations are without merit.

His argument of lack of personal jurisdiction is based upon the fact a county attorney's information was filed and he was arraigned thereon when no order for a bench warrant was made and no warrant issued. No such warrant was necessary. An identical argument was urged to no avail by appellant's accomplice, Hofer, on his appeal to this court. The reasoning and principles of law therein stated are applicable here but need not be repeated.

In State v. Hofer, 238 Iowa 820, 842, 28 N.W.2d 475, 477, 478, we say: "Defendant contends the trial court was without jurisdiction because no order for a bench warrant was made and no warrant issued. We hold the contention without merit."

█ Regarding appellant's final assignment he was denied due process because he was deprived of a preliminary hearing we need only refer to State v. Clark, 258 Iowa 254, 257, 138 N.W.2d 120, 122, where we say: "As to the complaint that no preliminary hearing was provided, none was necessary. A county attorney's information had been filed. Chapter 769, Code, 1962, provides for proceedings under county attorney's information which are in lieu of preliminary hearing and subsequent action by the grand jury. The procedure does not contemplate a preliminary hearing." For a later like holding see State v. Collins, Iowa, 152 N.W.2d 612, 614, 615, and citations.

Having carefully considered appellant's contentions we are convinced the trial court did not err in dismissing his petition for a writ of habeas corpus.

Affirmed.

GARFIELD, C. J., and LARSON, SNELL and STUART, JJ., concur.

BECKER, MASON, RAWLINGS and LeGRAND, JJ., dissent.

BECKER, Justice.

I dissent.

The nature of the crime of which petitioner was charged and convicted and the long lapse of time both militate toward the majority's result. But the problem is one of procedural constitutionality. Under the circumstances here petitioner should have been afforded a lawyer to help him process his appeal. This is all we need decide at this time.

The majority now concedes the rule laid down in Waldon v. District Court, 256 Iowa 1311, 130 N.W.2d 728 (which was understandably interpreted by the trial court to prohibit appointment of counsel for indigent habeas corpus petitioners) must be modified. It is now modified "only by vesting in the trial court the discretion of appointing counsel when the facts in a particular case make such an appointment desirable." In part at least, this result seems to turn on our denomination of the proceedings as a civil action. We have already been clearly told by the United States Supreme Court in Smith v. Bennett, 365 U.S. 708, 712, 81 S.Ct. 895, 897, 6 L.Ed.2d 39: "In Iowa, the writ is a post-conviction remedy available to all prisoners who have $4. We shall not quibble as to whether in this context it be called a civil or criminal action for, as Selden has said, it is 'the highest remedy in law, for any man that is imprisoned.' 3 Howell's State Trials 95 (1628). *The availability of a procedure to regain liberty lost through criminal process cannot be made contingent upon a choice of labels.*" (emphasis added)

The mandatory requirement of Amendment 6 of the United States Constitution to be represented by counsel has not been applied to indigent applicants in habeas corpus. But where the difficulties involved in presenting the matter are such that a fair and meaningful hearing cannot be had without the aid of counsel, compliance with the due process clause of Amendment 5 of the United States Constitution requires such appointment. This seems to be the conclusion of Judge Browning in Dillon v. United States (9th Cir. 1962), 307 F.2d 445, 447, and Judge Lumbard in United States ex rel. Wissenfeld v. Wilkins, (2nd Cir. 1960), 281 F.2d 707, 715. Amendment 14 of the United States Constitution requires the same result in state cases.

The rationale and necessary results are clearly stated by Traynor, J., in People v. Shipman, 62 Cal.2d 226, 42 Cal.Rptr. 1, 4, 397 P.2d 993, 996, 997: "In habeas corpus

cases we require a convicted defendant to allege with particularity the facts upon which he would have a final judgment overturned and to disclose fully his reasons for any delay in the presentation of those facts. (In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793.) We then examine his allegations in the light of any matter of record pertaining to his case (see California Rules of Court, rule 60) to determine whether a hearing should be ordered. We recognize that these rules, applicable as well to petitions for *coram nobis,* place indigent petitioners in a less advantageous position than those with funds to retain counsel and employ investigators. It bears emphasis, however, that the ordinary processes of trial and appeal are presumed to result in valid adjudications. Unless we make the filing of adequately detailed factual allegations stating a prima facie case a condition to appointing counsel, there would be no alternative but to require the state to appoint counsel for every prisoner who asserts that there may be some possible ground for challenging his conviction. Neither the United States Constitution nor the California Constitution compels that alternative. Accordingly, in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of relief in that court.

*"When, however, an indigent petitioner has stated facts sufficient to satisfy the court that a hearing is required, his claim can no longer be treated as frivolous and he is entitled to have counsel appointed to represent him."* (emphasis supplied)

Justice Traynor's conclusion is reasonable. It differs from the conclusions in the cited cases in that it recognizes that seldom, if ever, can an evidentiary hearing at the district court level be considered fair and meaningful if one side is represented by counsel and the other is not. A meaningful evidentiary hearing requires the expertise of lawyers on *both* sides. Courtesy and patience on the part of the trial judge is no substitute for trained advocacy. It

would seem the United States Supreme Court has so indicated several times. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799. While Powell and Gideon turned on the 6th and 14th Amendments, the reasoning as applied to the efficacy of an evidentiary hearing without counsel is fully applicable here.

The tension in this field is between the government's right to protect its judicial system, its financial expenditures and its *cadre* of available legal talent against frivolous and unjustified collateral attacks on the one hand, and the requirement that the individual receive as near to equal treatment under the law as is possible (independent of the individual's financial ability) on the other hand. As noted in People v. Shipman, supra; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, does not prohibit all discrimination, it only proscribes "invidious discrimination." Absolute equality of treatment is not required.

Disposal of the case may well occur on the *pro se* application. In such case appointment of counsel is not necessarily required. Our habeas corpus chapter commencing with section 663.1, Code, 1966, outlines our procedure. After providing for allegations alleging restraint, by whom, and on what cause or pretense, section 663.1 provides for allegations:

"3. That the restraint is illegal, and wherein.

"4. That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant.

"5. Whether application for the writ has been before made and refused by any court or judge, and if so, a copy of the petition in that case must be attached, with the reasons for the refusal, or satisfactory reasons given for the failure to do so."

Section 663.6 states: "Writ refused. If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the court or judge must refuse to allow the writ."

Safeguards are provided in the above sections to protect the state from frivolous or repetitious applications for a writ of habeas corpus. It may be conceded that the first application will usually require evidentiary hearing because most petitions will allege facts which the state will dispute. But this procedure is afforded to prisoners in all cases. Thus it cannot be denied on grounds of indigency.

If post conviction remedies are to be afforded to convicted defendants, both logic and the history of our criminal procedures would seem to require appointment of counsel when an evidentiary hearing is granted.

The process of eliminating frivolous applications before appointment of counsel must occur at the level of consideration of the sufficiency of the petition. Arguably, this can be done without counsel. Thus the petitioner's ability to afford a lawyer is not controlling. But where a hearing is required, with all of its attendant evidentiary and trial rules, a lawyer on both sides is indispensable to make the hearing meaningful.

Here the petition for writ of habeas corpus alleges petitioner's federal constitutional rights were violated in several respects. These allegations include an attack on the admissions of the two confessions and competency of trial counsel. Sufficient factual material was recited in the petition to cause the trial judge to order an evidentiary hearing. The state's statement of the issues at the hearing was: "Mr. Story: Well, just very briefly, Your Honor, the only thing that we're aware of as grounds here might be possibly the incompetence of counsel or else the introduction of statements at the trial which were involuntarily made. Now, this, we are prepared to rebut, and this is all I care to state at this time."

Regardless of the merits of petitioner's contentions and the efforts of the trial court to conduct a fair hearing, it is apparent from the record that petitioner lacked the technical skill to present his evidence. This will inevitably be the case where evidentiary hearings are conducted in this one sided manner. Hence the observations in the federal and California cases cited.

Of course the trial court should also have discretion to appoint counsel where desirable, even though such appointment is not *mandated* by the facts and the constitution. Where the facts mandate the appointment the discretion disappears. It is then not a matter of desirability but of right. This was the case here.

I would reverse and remand with instruction to appoint counsel and conduct a new evidentiary hearing.

MASON, RAWLINGS and LeGRAND, JJ., join in this dissent.