**Valentino MAGHEE, Appellant,**

v.

**STATE of Iowa, Appellee.**

**David Munz, Plaintiff,**

v.

**Iowa District Court for Jones County, Defendant.**

No. 99–1478.

Supreme Court of Iowa.

Jan. 24, 2002.

Philip B. Mears of Mears Law Office, Iowa City, for appellant and plaintiff.

Thomas J. Miller, Attorney General, and Forrest Guddall and H. Loraine Wallace, Assistant Attorneys General, for appellee and defendant.

CARTER, Justice.

We have consolidated an appeal and an original certiorari action, each raising the same issue. That issue is whether prison inmates challenging disciplinary action reducing good time pursuant to Iowa Code section 822.2(6) (1999) are entitled to counsel at state expense. In each of the two cases before us, the district court ruled that (1) a 1998 amendment to Iowa Code section 822.5 abrogated any statutory right to counsel at state expense in this type of litigation, and (2) no constitutional right to publicly compensated counsel exists in litigation challenging prison discipline. After reviewing the record and considering the

arguments presented, we affirm the judgment on appeal and annul the writ of certiorari.

The period of time for which these postconviction applicants claim the right to appointed counsel at state expense is after July 1, 1998. Prior to July 1, 1998, Iowa Code section 822.5 provided, in part:

> If an applicant confined in a state institution seeks relief under section 822.2, subsection 6 [a claim that good time has been unlawfully forfeited], and the court finds in favor of the applicant, or when relief is denied and costs and expenses referred to in subsection 1 [stenographic, printing, and legal services] cannot be collected from the applicant, these costs and expenses initially shall be paid by the county in which the application was filed.

Thereafter, the statute was amended so as to read, in part:

> If the applicant is unable to pay court costs and stenographic and printing expenses, these costs and expenses shall be made available to the applicant in the trial court, and on review. Unless the applicant is confined in a state institution and is seeking relief under section 822.2, subsections 5 [challenge to probation revocation or claim that sentence has expired] and 6 [a claim that good time has been unlawfully forfeited], the costs and expenses of legal representation shall also be made available to the applicant in the preparation of the application, in the trial court, and on review if the applicant is unable to pay.

1998 Iowa Acts ch. 1132, § 1.

 Statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them. *State v. Rohm,* 609 N.W.2d 504, 510 (Iowa 2000); *State v. Walker,* 574 N.W.2d 280, 289 (Iowa 1998). An amended statute is to be interpreted as if it originally read as amended. *Chappell v. Bd. of Keokuk Indep. Sch. Dist.,* 241 Iowa 230, 235, 39 N.W.2d 628, 630 (1949); *Neidermyer v. Neidermyer,* 237 Iowa 685, 693, 22 N.W.2d 346, 350 (1946). Following the 1998 amendment, which we have set forth, the language of the statute clearly precludes the furnishing of counsel at state expense in proceedings under section 822.2(6). That is the type of proceeding initiated in both of the cases under consideration.

The postconviction applicants argue that the failure of the State to afford them counsel at state expense violates their right to due process of law and equal protection of the law under both the state and federal constitutions. Both the United States Supreme Court and this court have held that prison inmates do not have a due process right to counsel in disciplinary proceedings at either the administrative level or a later proceeding for judicial review. *Baxter v. Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556–57, 47 L.Ed.2d 810, 819 (1976); *Williams v. State,* 421 N.W.2d 890, 892 (Iowa 1988). The applicants have failed to convince us that we should reach a different conclusion in the application of the Iowa Constitution. The applicants' equal-protection argument also fails under both state and federal constitutions because they fail to identify any disparate treatment that impacts a class of persons to which they belong. The district court correctly determined that there was neither a statutory nor a constitutional basis for providing counsel to these postconviction applicants at state expense.

As an alternative argument, the applicants urge that this court in *Larson v. Bennett,* 160 N.W.2d 303 (Iowa 1968), recognized that the trial courts have discretion to appoint counsel in some cases in which no statutory right to counsel is pro-

vided. That conclusion was reached with respect to habeas corpus actions in state courts. We stated in regard to such actions:

> *Waldon v. District Court,* [256 Iowa 1311, 130 N.W.2d 728 (1964),] is modified only to the extent of vesting in the trial court the discretion of appointing counsel when the facts in a particular case make such appointment desirable.

*Larson,* 160 N.W.2d at 306.

■ Assuming that a discretion similar to that recognized in *Larson* exists in challenges brought under section 822.2(6), we are not convinced that the inherent power to appoint counsel to assist the court in conducting a proceeding carries with it the power to order the state to compensate counsel thus appointed. At the time the *Larson* case was decided, the courts had a readily available funding source at their disposal for court-appointed counsel pursuant to Iowa Code section 444.10 (1966). That statute established a special tax levy to maintain this expense source. However, as we recognized in *State Public Defender v. Iowa District Court,* 594 N.W.2d 38, 39 (Iowa 1999), this funding source no longer exists. As a result of the elimination of that fund, we noted our inclination "to resort to section [815.7] as the benchmark for the payment of compensation to attorneys appointed by the court." *Id.* at 40. That statute makes no provision for providing counsel at public expense in actions brought under section 822.2(6) and, as previously noted, section 822.5 precludes doing so.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed and the writ of certiorari annulled.

**AFFIRMED; WRIT ANNULLED.**